FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 3 2003

*signature*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

    Plaintiff,

v.                                      No. CIV-03-0030 MCA/RLP

CORRECTIONAL OFFICER BEN CAVASOS,
NEW MEXICO DEP'T OF CORRECTIONS,
STATE OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. Plaintiff shall be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed. Plaintiff's motion for appointment of counsel will be denied.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was charged with bringing contraband into a prison and possession of a weapon by a felon. The prosecution of these charges was based on false accusations by Defendant Cavasos, and Plaintiff was ultimately given a directed verdict of acquittal. Plaintiff further alleges that he has been wrongly held in disciplinary lockup in retaliation for beating the contraband charge. He seeks damages and equitable relief.

No relief is available on Plaintiff's claims against the state or the corrections department. As stated recently by the Tenth Circuit Court of Appeals, "[Plaintiff] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. State of Colorado*, No. 01-1415, 2002 WL 188962, at **1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). These claims will be dismissed.

Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent

pleadings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). If Plaintiff fails to submit monthly payments to the Clerk by the designated deadlines or to show cause why he has no assets and no means by which to pay the monthly payments, the civil rights complaint will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (Doc. #3) is DENIED at this time;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Department of Corrections and State of New Mexico are DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action;

IT IS FINALLY ORDERED that the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Cavasos.

_____
UNITED STATES DISTRICT JUDGE